HOFFMAN EMPLOYMENT LAWYERS, LLP
Michael Hoffman (SBN 154481)
mhoffman@employment-lawyers.com
Alec Segarich (SBN 260189)
asegarich@sfemployment-lawyers.com
100 Pine Street, Suite 1550
San Francisco, CA 94111
Tel   (415) 362-1111
Fax  (415) 362-1112

Attorneys for Plaintiff KEVIN MCCONNELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN MCCONNELL, on behalf of himself, and all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, Inc., a Colorado Corporation;<br><br>Defendant. | Case No. CV 11 3026<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. **Failure To Provide Meal And Rest Periods** (Cal. Lab. Code § 226.7, 512; IWC Wage Order No. 9-2001)<br>2. **Failure to Compensate Employees for All Hours Worked** (IWC wage Order No. 7, Cal. Labor);<br>3. **Failure to Furnish Wage and Hour Statements** (Cal. Labor Code §§ 226(e), 226.3);<br>4. **Failure to Maintain Employee Time Records** (Cal. Labor Code § 1174(d));<br>5. **Unfair Competition** (Cal. Bus. & Prof. Code § 17200 *et seq.*);<br>6. **Waiting Time Penalties** (Cal. Labor Code §§ 201-203);<br>7. **Labor Code Private Attorney General Act** (Labor Code § 2698);<br><br>**JURY TRIAL DEMANDED** |

-1-
CLASS ACTION COMPLAINT
*McConnell v. Red Robin International, Inc.*

Plaintiff Kevin McConnell, on behalf of himself and all others similarly situated complains against Red Robin International, Inc., a corporate defendant and demands a trial by jury of all issues and causes of action.

## THE PARTIES

1. At all pertinent times mentioned in this Complaint, Plaintiff Kevin McConnell (hereinafter "Mr. McConnell") was and is a competent adult resident of the State of California. Mr. McConnell was a Server employed by Red Robin International, Inc. from June 2009 to June, 2011 at the Brentwood, CA location. Mr. McConnell was deprived of pay for all the hours he worked and was denied proper overtime pay.

2. Plaintiff brings this action on behalf of himself individually and as a member of and representative for the following Class: **All non-exempt hourly employees of Red Robin International, Inc. who worked as Servers in California from June 20, 2007 to the date of filing this Complaint.** This group is herein after referred to as the "California Class Members."

3. Red Robin International Inc. is a corporation organized under Colorado law and has been doing business as Red Robin Burger and Spirits Emporiums in California.

## JURISDICTION AND VENUE

4. At all times mentioned in this Complaint, Plaintiff was a resident of the State of California.

5. Red Robin International Inc. is a Colorado Corporation and has been doing business in California as Red Robin Burger and Spirits Emporiums in California since 1990. It has been doing business as Red Robin Burger and Spirits Emporiums in the State of California, and the City of Brentwood at all relevant times in this complaint.

6. Red Robin International Inc. is a corporation organized under the laws of the State of Colorado, with its principal corporate headquarters at 6312 South Fiddlers Green Circle #200 N, Greenwood Village, Colorado, 80111. It maintains approximately seventy five business locations in the State of California, and does business in California as Red Robin Burger and

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

1  Spirits Emporiums. It is registered with the Secretary of State to do business in California as a
2  corporation under Entity No. C1663004.
3      7.    The Northern District of California has personal jurisdiction over Red Robin
4  International Inc. because it maintains its Brentwood, CA location in this District, does business
5  in California and in this district, and because many of the acts complained of and giving rise to
6  the claims alleged in California and in this District.
7      8.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.
8  § 1331.
9      9.    This court also has original jurisdiction over this action under the Class Action
10 Fairness Act, 28 U.S.C. §1332(d), because this is a class action in which (1) there are 100 or
11 more members in the proposed class; (2) at least some members of the proposed class have a
12 different citizenship from Defendant; and (3) the claims of the proposed class members exceed
13 $5,000,000 in the aggregate.
14     10.    In addition, this Court has supplemental jurisdiction under 28 U.S.C. 1367 over
15 Plaintiffs' state wage and hour law claims, because those claims derive from a common nucleus
16 of operative fact.
17     11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Red
18 Robin International Inc.'s obligations and liability arise therein as Red Robin International Inc.
19 transacts business within this Judicial District, and because Plaintiff performed the work at issue
20 in this action for Red Robin International Inc. in this Judicial District. Specifically, Servers
21 normally report to work each day at their assigned locations. The Plaintiff reported to the
22 Brentwood, CA location, and to the Manager at that location.

### CALIFORNIA CLASS ACTION ALLEGATIONS

24     12.    Plaintiff seeks to represent a class of California Servers. The putative class is
25 defined as: "**All non-exempt hourly employees of Red Robin International Inc. who worked**
26 **as Servers in California from June 17, 2007 to the date of filing this Complaint.**"
27 ("California Class Members")
28

-3-

CLASS ACTION COMPLAINT
*McConnell v. Red Robin International, Inc.*

13. **Common questions predominate.** There is a well-defined community of interest in the questions of law and fact affecting all California Class Members, in that a systematic and continuous course of illegal practices was applied to all of them alike, to wit: Defendant (1) failed to compensate employees for all hours worked; (2) failed and refused to provide the Class with timely and accurate wage and hour statements; (3) failed and refused to maintain complete and accurate payroll records for the Class; (4) committed unfair business practices in an effort to increase profits and to gain and unfair business advantage at the expense of the Class and the public; and (5) failed to compensate employees for all accrued wages when due. These common questions of law and fact predominate over any individual question relating to any California Class Members. The forgoing acts and other acts by Defendant violated the California Labor Code and the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California (collectively, the "Employment Laws and Regulations").

14. **Numerosity.** Plaintiff is informed and believes that the total number of California Class Members is over 500, making joinder of all California Class Members impracticable and making treatment of all class members' claims collectively, rather than individually, to the benefit of the parties and the Court.

15. **Typicality.** Plaintiff's claims are typical of those of other California Class Members, in that his job titles, duties and activities are the same as those of the other California Class Members, he was denied the same overtime and premium pay as the rest of the Class, and was otherwise denied the benefits and protections of the Employment Laws and Regulations in the same manner as the other California Class Members.

16. **Adequacy.** Plaintiff is able to fairly and adequately protect the interests of the rest of the Class, because (1) his interests are aligned with those of the rest of the Class in that his claims are those of a typical California Class Members, the Class as a whole shares many common questions of law and fact, and there is no evidence of any antagonism or conflict between them and the rest of the Class; and (2) Plaintiff's counsel is competent and experienced

in litigating class actions in California based on violations of the Employment Laws and Regulations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiff has exhausted all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action required under California Labor Code Section 2699.5, *Caliber Bodyworks, Inc. v. Superior Court (Herrera)* (2005) 134 Cal. App. 4th 365, and *Dunlap v. Superior Court (Bank of America, N.A.* (2006) 142 Cal. App. 4th 330, insofar as such prerequisites pertain to Plaintiff's Third through Seventh Causes of Action brought pursuant to the Private Attorney General's Act, California Labor Code § 2699 *et seq*. Specifically, Plaintiff sent written notice by certified mail to the Labor and Workforce Development Agency and the employer including specific provisions of the Labor Code that have been violated and facts and theories to support said violations.

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

18. At all relevant times alleged herein, Plaintiff is informed and believes that Red Robin International Inc. is authorized to and does conduct business in the State of California in the restaurant industry, employing California Class Members as Servers at about seventy five restaurant locations throughout California.

19. Servers who work on the "cocktail side" of the restaurant are unable to clock themselves in and need a manager to clock them in. Servers wait around several minutes until a manager is available and are not compensated for that time.

20. Defendant has a policy of requiring California Class Members to punch out at the end of their shift and complete work related tasks off the clock without compensation for time worked.

21. Finally, Defendant has a policy of requiring California Class Members to report to work for their scheduled shift, clock in, work 10 minutes, clock out and clock in again. This policy is used to manipulate time records to shroud the fact that servers are deprived of their 30 minute lunch periods when working shifts longer than 5 hours.

-5-

CLASS ACTION COMPLAINT
*McConnell v. Red Robin International, Inc.*

### FIRST CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (Cal. Lab. Code § 226.7, 512; IWC Wage Order No. 9-2001)
### (Against all Defendants)

22. Plaintiff incorporates by reference and paragraphs 1 through 21, inclusive, as though set forth fully herein.

23. For the duration of the Class Period, the Class Members were employed by Defendants.

24. During the Class Period, Defendants routinely failed to provide the Class Members, including Plaintiff, with meal and rest periods during work shifts, and failed to compensate the Class Members, including Plaintiff, for said meal and rest periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Order 9-2001.

25. The Class Members, including Plaintiff, are not exempt from the meal and rest period requirements of the aforementioned employment laws and regulations.

26. Plaintiff is informed and believes and thereon alleges that Red Robin International, Inc. did not provide or authorize its Class Members to take rest or meal breaks while they were serving.

27. Plaintiff is informed and believes and thereon alleges that Red Robin International, Inc. is aware that staff does not actually get the required break. Policy requires staff to serve customers, clean, and do "side work" such as rolling silverware and refilling condiments during their shifts. Plaintiff did not receive any rest breaks during the entire time he worked for the Defendant. Mr. McConnell was unaware that he was entitled to a 10 minute rest break for every four hours worked. Plaintiff never received training on how to take breaks or lunch periods.

28. Thus, Plaintiff is informed and believes and thereon alleges that Red Robin International, Inc. actively discouraged its Class Members from taking breaks.

29. Plaintiff is informed and believes and thereon alleges that while RED ROBIN INTERNATIONAL, INC. enacted policies to take set lunch breaks, those policies were not enforced or applied to its Class Members as Staff are criticized and negatively reviewed if they do not work during their breaks.

30. The Class Members, including Plaintiff, have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. The Class Members, including Plaintiff, are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

31. In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Class Members are entitled to recover damages for the sake of example and by way of punishing Defendants.

## SECOND CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Failure to Properly Compensate Employees for All Hours Worked

### (Cal. Labor Code §§ 200, 226, 500, 510, 1197, 1198)

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though set forth fully herein.

33. During the Class Period, Defendant was required to compensate its hourly employees for all hours worked upon reporting for work, pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070, Labor Code Sections 200, 226, 500, 510, 1197, and 1198.

34. At all relevant times, Defendant failed and refused to compensate employees for all hours worked. Defendant has a policy of requiring California Class Members to punch out at the end of their shift and complete work related tasks off the clock without compensation for time worked. California Class Members are required by management to work after the shift has ended in order to complete tasks called "side work" where Servers would refill condiments, roll silverware, replenish stock, clean stations, and other duties to prepare for the next day.

35. Defendant has a policy of requiring California Class Members to report to work for their scheduled shift, clock in, work 10 minutes, clock out and clock in again. This policy is used to manipulate time records to shroud the fact that servers are deprived of their 30 minute lunch periods when working shifts longer than 5 hours.

36. Furthermore, as described above, Red Robin International Inc. implemented a timekeeping system that requires Servers to wait around until a manager was available to clock them into the timekeeping system.

37. As alleged herein, the California Class Members, including Plaintiff, are not exempt from the requirements of the Employment Laws and Regulations.

38. The California Class Members, including Plaintiff, have been deprived of their rightfully earned compensation as a direct and proximate result of Defendant's failure and refusal to pay said compensation. Under the above mentioned wage order and state regulations, Plaintiff is entitled to recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS
### Failure to Furnish Wage and Hour Statements
### (Cal. Labor Code §§ 226(e), 226.3)

39. Plaintiff incorporates by reference paragraphs 1 through 38 as though set forth fully herein.

40. During the Class Period, Defendant failed to provide California Class Members, including Plaintiff, with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that California Class Member, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the California Class Member.

41. As alleged herein, the California Class Members, including Plaintiff, are not exempt from the requirements of the Employment Laws and Regulations.

42. Based on Defendant's conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations.

## FOURTH CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Failure to Maintain Employee Time Records

### (Cal. Labor Code § 1174(d))

43. Plaintiff incorporates by reference paragraphs 1 through 42 as though set forth fully herein.

44. California Labor Code Section 1174(d) requires all employers to keep proper employee time records, including payroll records, which must show the daily hours worked by each employee.

45. As described above, Plaintiff and all California Class Members are deprived of full pay and by the "side work" duties they were required to complete, but for which they were not fully compensated. On this basis they were not provided with accurate payroll records indicating daily hour totals, which prevented Plaintiff and the California Class Members from being properly compensated.

46. As a result, the employee time records maintained by Defendant are wholly inaccurate, as they do not reflect the true hours worked by any employee. Accordingly, the employee time records maintained by Defendant are inaccurate with respect to the number of hours worked, and, correspondingly, the amount of wages owed to and/or paid to employees.

47. As a proximate result of the above mentioned violations, Plaintiff and the California Class Members have been damaged in an amount according to proof at time of trial, and seek a civil penalty be imposed against Defendant in accordance with California Labor Code Section 2699.5.

## FIFTH CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Unfair Competition

### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

48. Plaintiff incorporates by reference paragraph 1 through 47, as though set forth fully herein.

49. Defendant's violations of the Employment Laws and Regulations as alleged herein, including Defendant's failure to provide meal and rest breaks to Plaintiff and the California Class Members, constitute unfair business practices in violation of California Business & Professional Code Section 17200, *et seq*.

50. Defendant's violations of California wage and hour laws constitute a business practice because it was done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and the California Class Members.

51. As a result of Defendant's unfair business practices, Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff, the California Class Members, and members of the public. Defendant should be made to account for and restore such monies to Plaintiff and the California Class Members.

52. Defendant's unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendant account for and restore to the Class Members the overtime compensation unlawfully withheld from them.

## SIXTH CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Waiting Time Penalties

### (Cal. Labor Code §§ 201, 202, 203, 204)

53. Plaintiff incorporates by reference paragraphs 1 through 52, as though set forth fully herein.

54. Furthermore, during the Class Period, Defendant failed to pay the California Class Members, including Plaintiff, the overtime and/or regular wages due to them, within any time

CLASS ACTION COMPLAINT
*McConnell v. Red Robin International, Inc.*

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

period permissible under California Labor Code § 204, i.e., no later than the payday for the next regular payroll period.

55. As alleged herein, the California Class Members, including Plaintiff, are not exempt from the requirements of the Employment Laws and Regulations.

56. Based on Defendant's conduct as alleged herein, Defendant is liable for statutory penalties pursuant to California Labor Code § 203, and other applicable provisions of the Employment Laws and Regulations.

57. At all times relevant herein, which comprise the time period not less than three (3) years preceding the filing of this action, Defendant was required to compensate its hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to Industrial Welfare Commission Orders 7-80 and 7-98, California Code of Regulations, Title 8, Chapter 5 Section 11070, Labor Code Sections 200, 226, 500, 510, 1197, and 1198.

58. For at least the three (3) years preceding the filing of this action, Defendant failed to compensate its employees for all hours worked. Defendant established policies which actively prevented employees from being compensated for all time worked, as required by law. Defendant failed to furnish Class Members, including Plaintiff, with all accrued wages immediately upon termination or within seventy-two hours of resignation.

59. Defendant requires Plaintiff and the California Class Members to work without pay. Under the above mentioned wage orders and state regulations, Plaintiff is entitled to recover compensation for all hours worked, but not paid, for three (3) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with Labor Code Section 218.5, and penalties pursuant to Labor Code Sections 203 and 206.

60. Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and the California Class Members for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages,

and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, in accordance with Plaintiff and the California Class Members' respective damage amounts according to proof at time of trial. Defendant committed such actions alleged knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the California Class Members, from improper motives amounting to malice, and in conscious disregard of Plaintiff' rights.

### SEVENTH CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS
### Labor Code Private Attorney General Act
### (Cal. Labor Code § 2698)

61. Plaintiff incorporates by reference paragraphs 1 through 60 as though set forth fully herein.

62. Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency (the Agency) of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. Plaintiff may now commence a civil action pursuant to Section 2699.

63. The policies, acts and practices heretofore described violate the applicable Labor Code sections listed in Labor Code § 2699.5 and thereby gives rise to statutory penalties as a result of such conduct. Plaintiff and the California Class Members, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and all other aggrieved employees against who one or more of the aforementioned violations of the Labor Code was committed.

### JURY DEMAND

64. Plaintiff hereby demands a jury trial on all issues and causes of action.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief individually and on behalf of all others similarly situated as follows:

1. Certification of this action as a class action on behalf of the California Class Members;

CLASS ACTION COMPLAINT
*McConnell v. Red Robin International, Inc.*

2. Designation of Mr. McConnell as Representative of the California Class Members;

3. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

4. For punitive damages;

5. For restitution of all monies due to Plaintiff from the unlawful business practices of Defendant;

6. For waiting time penalties pursuant to Labor Code §§ 203 and 206;

7. For penalties pursuant to Labor Code §§ 201, 226, 556, 1194, 1194.2, 2669.5, 2802, 1174(d), and 2699, and any and all other Labor Code Sections herein mentioned which provide for penalties as a result of the above-mentioned alleged conduct;

8. For pre-judgment and post-judgment interest as provided by law;

9. For costs of suit incurred herein and attorneys' fees pursuant to Labor Code §§ 218.5 and 226 and other provisions of the Labor Code;

10. For such other and further relief as the Court deems fair and just.

Respectfully submitted,

Dated: June 20, 2011

HOFFMAN EMPLOYMENT LAWYERS, LLP

MICHAEL HOFFMAN

Attorney for Plaintiffs Kevin McConnell *et al.*