United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN MCCONNELL, on behalf of himself, and all others similarly situated, and the general public,

Plaintiff,

v.

RED ROBIN INTERNATIONAL, INC., a Colorado corporation,

Defendant.
_______________________________/

No. C 11-03026 WHA

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND VACATING HEARING**

## INTRODUCTION

In this putative class action, plaintiff seeks leave to amend to add a new class representative and new claim for relief. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff is Kevin McConnell, a California resident, representing all others similarly situated. Defendant is Red Robin International, Inc., a Colorado corporation and citizen, doing business in California as Red Robin Burger and Spirits Emporium. Plaintiff is seeking to represent a putative class defined as: All non-exempt hourly employees of Red Robin International, Inc. who worked as servers in California from June 17, 2007, to June 20, 2011. Plaintiff McConnell has, on behalf of himself and the putative class, asserted the following

claims against defendant: (1) failure to provide meal and rest periods; (2) failure to compensate employees for all hours worked; (3) failure to furnish wage and hour statements; (4) failure to maintain employee time records; (5) unfair competition; (6) waiting time penalties; and (7) statutory penalties pursuant to California's labor code private attorney general act.

The instant action was filed in June 2011. In December 2011, plaintiff served discovery requests on defendant. Defendant made several objections and failed to comply with the requests. Plaintiff sought to redress the discovery dispute by filing a letter with this Court. During resolution of the dispute, information came to light which led the undersigned to have serious doubts about Mr. McConnell's ability to act as lead plaintiff. On March 7, 2012, an evidentiary hearing was conducted to determine whether Mr. McConnell and his counsel had suborned perjury. During the hearing, counsel was granted leave to file a motion to appoint a new class representative. Following the hearing, defendant was ordered to either file a motion to challenge the adequacy of Mr. McConnell to represent the class, or to produce responsive documents. Defendant chose to challenge Mr. McConnell's adequacy.

In February 2012, plaintiff's counsel filed a separate class action against defendant, and asserted only one claim for relief — reporting time pay — which was not asserted in this action but arises out of the same series of events. Plaintiff Brittney Calvert is the named class representative for that action. That action was subsequently related to the undersigned. Plaintiff now moves to amend the instant complaint to add Ms. Calvert as a class representative, as her claims are typical of the class. Plaintiff also seeks to add a claim for the recovery of reporting time pay as asserted in the related case. This order follows full briefing.

**ANALYSIS**

Under Rule 15(a)(2), leave to amend should be given when justice so requires. The underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities. This policy "should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In the absence of an apparent reason, such as undue delay, bad faith, undue prejudice, or futility of amendment, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In assessing these factors, all

United States District Court
For the Northern District of California

inferences should be made in favor of granting the motion. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Rule 15(a), however, does not apply when a district court has established a deadline for amended pleadings under Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Once a scheduling order has been entered, the liberal policy favoring amendments no longer applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. *Id.* at 608–09. At that point, any modification must be based on a showing of good cause. Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Modification of the pretrial schedule may be merited if the deadline could not be met "despite the diligence of the party seeking the extension." *Id.* at 609 (citation omitted).

**1. MOTION TO ADD MS. CALVERT AS CLASS REPRESENTATIVE.**

Plaintiff's motion should have been brought as a motion to intervene, but because it was brought as a motion to amend and both parties treated it as such, this Court will consider it nonetheless. The case management order stated that all pleading amendments must be completed by October 31, 2011. Defendant first argues that plaintiff has failed to show good cause as required by Rule 16 to amend the scheduling order, however, plaintiff was granted permission to seek amendment to name a new class representative and therefore, it need not show good cause for amendment under Rule 16 as to adding a new plaintiff. The motion to add Ms. Calvert as a class representative will be evaluated under the traditional Rule 15 standard. Defendant has only challenged plaintiff's motion on the grounds of undue prejudice, bad faith, and undue delay, and therefore, futility need not be considered.

**A. Undue Prejudice.**

The crucial factor when considering leave to amend outside of the Rule 16 context is undue prejudice. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). Undue prejudice may be present where the amendments alter the nature of the case, requiring a party to significantly alter its trial strategy, engage in new research and write new trial briefs. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988).

United States District Court
For the Northern District of California

Defendant argues that allowing amendment to name Ms. Calvert as a class representative will cause undue prejudice because defendant will have to engage in substantial additional discovery, resulting in delay and additional defense costs and attorney's fees (Opp. 7–8). Defendant offers no persuasive evidence that such prejudice will actually occur. This Court is not convinced that the addition of one named class plaintiff, four months before non-expert discovery ends, six months before the deadline for dispositive motions occurs, and nine months before trial is set to begin, will result in the sort of undue prejudice defendant contends is likely to occur. Furthermore, the decisions invoked by defendant are distinguishable.

In *Osakan v. Apple American Group*, the court denied leave to add new parties due to the plaintiff's failure to show good cause under the Rule 16 standard. 2010 WL 1838701, at *2–3 (N.D. Cal. May 5, 2010) (Armstrong, J.). That is not the issue here. Furthermore, the plaintiff's motion in *Osakan* was made only two weeks prior to discovery cutoff. Here, plaintiff has filed its motion approximately four and one-half months before the non-expert discovery cut-off date. Finally, the plaintiff in *Osakan* contended that its lack of diligence was the result of the defendants' failure to comply with discovery requests, but unlike in our case, the plaintiff had never sought redress of these issues with the court. *Id.* at 4.

Similarly, defendant's reliance on *Morongo Band of Mission Indians v. Rose* is misplaced. Defendant quotes *Morongo* for the proposition that where "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense," leave should be denied. 893 F.2d 1074, 1079 (9th Cir. 1990). It is not clear, however, how the addition of Ms. Calvert, a class member, absent any additional claims, will so alter defendant's preparation for this case as to result in undue prejudice. Indeed, defendant has presented no support for such a theory.

**B. Undue Delay and Bad Faith.**

"[I]n evaluating undue delay, we [] inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

United States District Court
For the Northern District of California

Generally, undue delay alone is not enough to warrant denial of leave to amend, but denial may be justified when the delay is the result of bad faith. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Defendant asserts that plaintiff has engaged in discovery misconduct by failing to file initial disclosures, and is responsible for any delay in litigation due to a failure to prosecute (Opp. 3). Defendant argues that plaintiff has known the identity of potential class representatives since June 2011, and that plaintiff's delay in bringing this motion is a bad faith attempt to "restart the clock" and obtain a "do over" for plaintiff's lack of diligence in prosecuting this class action (*id.* at 7). Plaintiff responds that defendant "seriously inhibited" plaintiff from identifying other representatives by refusing to supply a class list (Reply Br. 3).

There is no dispute that defendant failed to supply the class list, but even this does not change the fact that plaintiff had ample time to discover alternative class representatives. More relevant to the issue presented is whether plaintiff had reason to seek amendment in order to add a new class representative. Until a few weeks ago, plaintiff had no reason not to rely on Mr. McConnell as a the sole class representative. Thus, plaintiff's timing in seeking amendment is better characterized as whether, in light of the sequence of events, plaintiff was untimely in seeking this motion. This order finds that it would be inequitable to find the motion the result of undue delay or bad faith when, from the facts readily available, it can discern no reason for plaintiff to have sought amendment earlier.

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint naming Ms. Calvert as class representative is **GRANTED**.

**2. MOTION TO ADD NEW CLAIM.**

Plaintiff was not given leave to file a motion to add a new claim, and therefore, it must show good cause under the Rule 16 standard. It has not. "In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp.*, 465 F.3d at 953 (internal quotations omitted).

United States District Court
For the Northern District of California

*First*, the time to add new claims has long expired. Plaintiff was on notice that October 31, 2011, was the deadline for such motions. This action is well underway and defendant should not be forced to defend new claims asserted five and one-half months after the time to add new claims expired, and just before a motion for class certification is to be heard. Plaintiff asserts that defendant will not be unduly prejudiced because they will have to defend against the reporting-time-pay claim in the related action, and that defendant should have known that such a claim might have been possible when plaintiff filed its initial complaint way back in June 2011. Plaintiff will be held to its own standard. Just as it asserts defendant should have known of the existence of the claim, and therefore cannot claim prejudice from amendment, plaintiff, as the instigator of this suit, also should have known of the claim's existence. Plaintiff asserted seven claims in its initial complaint, and has provided no good explanation as to why this one claim was unknown when the initial complaint was filed.

*Second*, plaintiff's belief that no additional discovery would be required because defendant will have to conduct the same discovery in the related case misses the point. The issue is not whether defendant might ever have to conduct discovery, but whether it will have to in this case — a near certainty.

This order holds that plaintiff has failed to show that, despite due diligence, it was unable to assert this new claim within the allotted time. Therefore, good cause is lacking, and plaintiff's motion for leave to add an additional claim is **DENIED**.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to plaintiff's request to add Ms. Calvert as an additional class representative. The motion is **DENIED** as to plaintiff's request to add a claim for reporting time pay. The hearing scheduled for April 26, 2012, is **VACATED**. Plaintiff must file its first amended complaint by **NOON ON MONDAY, APRIL 30, 2012**. If Ms. Calvert chooses to go

forward she must also realize that she will be forfeiting — in her individual capacity — her reporting time pay claim.

**IT IS SO ORDERED.**

Dated: April 17, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California